1  ANDRÉ BIROTTE JR.
   United States Attorney
2  SANDRA R. BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   PAUL H. ROCHMES (SBN 077928)
4  Assistant United States Attorney
        Federal Building, Suite 7211
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-2413
        Facsimile: (213) 894-0115
7       E-mail: paul.rochmes@usdoj.gov

8  Attorneys for United States of America

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12
   UNITED STATES OF AMERICA,        )  Case No. CV 12-
13                                   )
                   Petitioner,       )  PETITION TO ENFORCE INTERNAL
14                                   )  REVENUE SERVICE SUMMONS;
        vs.                          )  MEMORANDUM OF POINTS AND
15                                   )  AUTHORITIES; SUPPORTING
                                     )  DECLARATION OF JUDITH E.
16  RACHEL D. RUBIN,                 )  HUBBARD
                                     )
17                 Respondent.       )  [Certain Personal Identifiers
                                     )  Redacted From Attached Exhibits
18  _____)  Per Local Civil Rule 79-5.4]

19

20                    PETITION

21       Petitioner alleges and petitions as follows:

22       1. This proceeding to judicially enforce Internal Revenue

23  Service summons is brought pursuant to Sections 7402(b) and

24  7604(a) of the Internal Revenue Code, 26 U.S.C.  A true and

25  accurate copy of the subject summons (the "Summons"), with the

26  respondent's home address redacted, is attached hereto as Exhibit

27  1 (page 1) to the supporting declaration of Internal Revenue

28  Service Revenue Officer Judith E. Hubbard.

                          -1-

1    2.   Respondent, RACHEL D. RUBIN ("RUBIN"), resides in the

2  federal judicial district of the Central District of California.

3    3.   The Internal Revenue Service is, and at all relevant

4  times was, conducting an investigation into the collection of the

5  federal tax liabilities of RUBIN for the tax years ending

6  December 31, 2006 and December 31, 2007, inclusive (collectively,

7  the "Subject Tax Periods").

8    4.   In connection with the investigation, on July 20, 2011,

9  Revenue Officer Hubbard issued the Summons, directing RUBIN to

10  appear on August 30, 2011 before the Internal Revenue Service to

11  give testimony and produce certain documents, records, and other

12  information as described in the Summons.

13    5.   On July 21, 2011, the Summons was issued and served in

14  accordance with law on RUBIN in the manner described in the

15  certificate of service and the attached declaration of Revenue

16  Officer Hubbard.  A true and correct copy of the certificate of

17  service for the Summons is attached at page 2 of Exhibit 1 to the

18  Hubbard declaration.

19    6.   RUBIN failed to appear before the IRS on August 30,

20  2011, as required by the Summons.

21    7.   On September 9, 2011, the Office of Chief Counsel of the

22  Internal Revenue Service mailed RUBIN a "last chance" letter at

23  RUBIN's last and usual place of abode, directing RUBIN to appear

24  before the Internal Revenue Service on October 4, 2011, to

25  produce the books, records, and other documents specified in the

26  Summons.  A copy of the "last chance" letter, with RUBIN's home

27  address redacted, is attached to the Hubbard declaration as

28  Exhibit 2.

8.   RUBIN failed to appear before the Internal Revenue Service on August 30, 2011 in response to the Summons and has failed to produce the requested records and testimony.  Such failure has continued to the date of this petition.

9.   Petitioner does not possess or control the books, records, papers and other data sought by the summons for the Subject Tax Years.

10.  The Internal Revenue Service has followed all of the procedural steps required by law in connection with the issuance and service of the Summons.

11.  It is necessary to obtain the testimony, records, and other data sought by the Summons so that the Internal Revenue Service can properly pursue and complete its investigation.

12.  No Justice Department referral, as described in Section 7602(d) of the Internal Revenue Code, 26 U.S.C., is in effect with respect to RUBIN.

WHEREFORE, petitioner prays for the enforcement of the subject summons as follows:

A.   That respondent, RACHEL D. RUBIN, be ordered to appear and show cause before this Court why she should not be compelled to give testimony and produce the records and documents as required by the subject summons;

B.   That respondent, RACHEL D. RUBIN, be ordered by this Court to appear before an authorized representative of the Internal Revenue Service, at a time and place to be determined by the Internal Revenue Service, to give the testimony and produce the records and documents requested in the Summons for examination and copying; and

-3-

1    C.    That the Court grant the petitioner, UNITED STATES OF

2  AMERICA, its costs in this proceeding and such other and further

3  relief as may be just and proper.

4                          Respectfully submitted,

5                          ANDRÉ BIROTTE JR.
                           United States Attorney
6
                           SANDRA R. BROWN
7                          Assistant United States Attorney
                           Chief, Tax Division
8

9
   DATED: March 9, 2012    *Paul Rochmes*
10                         _____
                           PAUL H. ROCHMES
11                         Assistant United States Attorney
                           Attorney for United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -4-

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code of 1986, 26 U.S.C., grants the Internal Revenue Service the power to summons books and records and to take testimony of any individual for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability, as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data,

-1-

1       and to give such testimony, under oath, as

2       may be relevant or material to such inquiry;

3       and

4   (3)   To take such testimony of the person

5       concerned, under oath, as may be relevant or

6       material to such inquiry.

7   See  Crystal v. United States, 172 F.3d 1141, 1143-1144 (9th Cir.

8   1999); United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

9       Sections 7402(b) and 7604 of the Internal Revenue Code, 26

10  U.S.C., grant authority to United States district courts to issue

11  orders compelling, through their powers of contempt, compliance

12  with IRS summons.  See also United States v. Gilleran, 992 F.2d

13  232, 233 (9th Cir. 1993).  An IRS summons is issued

14  administratively, "but its enforcement is only by federal court

15  authority in an 'adversary proceeding' affording the opportunity

16  for challenge and 'complete protection to the witness.'"

17  United States v. Church of Scientology of Cal., 520 F.2d 818, 821

18  (9th Cir. 1975), quoting, Donaldson v. United States, 400 U.S.

19  517, 525, 91 S. Ct. 534, 539 (1971).  See also Gilleran, 992 F.2d

20  at 233.

21      Because the enforcement of an IRS summons invokes the

22  process of the court, the court will not enforce a summons if it

23  would constitute an abuse of process.  United States v. Powell,

24  379 U.S. 48, 58, 85 S. Ct. 248, 255 (1964).  Such an abuse would

25  occur if the summons was issued for an improper purpose, for

26  example, to harass the taxpayer.  Powell, 379 U.S. at 58, 85 S.

27  Ct. at 255; United States v. Stuart, 489 U.S. 353, 360, 109 S.

28  Ct. 1183, 1188 (1989).  Accordingly, to obtain enforcement of an

-2-

1   IRS summons, the government is required to make a prima facie

2   case for enforcement of the summons. Powell, 379 U.S. at 57-58,

3   85 S. Ct. at 254-55; Gilleran, 992 F.2d at 233.

4       In order to establish a prima facie case for enforcement of

5   an IRS summons, the government need only make a "minimal" showing

6   that (1) the investigation will be conducted pursuant to a

7   legitimate purpose; (2) the inquiry may be relevant to the

8   purpose; (3) the information sought is not already within the

9   IRS's possession; and (4) the administrative steps required by

10  the Internal Revenue Code have been followed. Crystal, 172 F.3d

11  at 1144, citing, Powell, 379 U.S. at 57-58, 85 S. Ct. at 255;

12  United States v. Jose, 131 F.3d 1325, 1327 (9th Cir. 1997);

13  Fortney v. United States, 59 F.2d 117, 119-20 (9th Cir. 1995).

14  The government's "burden is minimal 'because the statute must be

15  read broadly in order to ensure that the enforcement powers of

16  the IRS are not unduly restricted.'" Crystal, 172 F.3d at 1144,

17  quoting, Liberty Fin. Servs. v. United States, 778 F.2d 1390,

18  1392 (9th Cir. 1985).

19      Normally, the government makes the "good faith" showing of

20  materiality and relevancy required by Powell in the petition to

21  enforce the summons and the accompanying declaration of the

22  issuing IRS agent. Crystal, 172 F.3d at 1144, quoting, United

23  States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993);

24  Gilleran, 992 F.2d at 233.

25      As to the required showing of relevance, the Supreme Court

26  stated in United States v. Arthur Young & Co., 465 U.S. 805, 814,

27  104 S. Ct. 1 495, 1501 (1984) (emphasis in original):

28      As the language of § 7602 clearly indicates an IRS

-3-

summons is not to be judged by the relevance standards
used in deciding whether to admit evidence in federal
court.  Cf. Fed. Rule Evid. 401.  The language "may be"
reflects Congress' express intention to allow the IRS
to obtain items of even potential relevance to an
ongoing investigation without reference to its
admissibility.  The purpose of Congress is obvious: the
Service can hardly be expected to know whether such
data will in fact be relevant until it is procured and
scrutinized.  As a tool of discovery, the § 7602
summons is critical to the investigation and
enforcement functions of the IRS, see United States v.
Powell, 379 U.S. 48, 57 (1964); the Service therefore
should not be required to establish that the documents
it seeks are actually relevant in any technical,
evidentiary sense.

Accordingly, all that needs to be shown is that the summoned
documents might shed light on the tax liabilities under
examination.  See United States v. Ryan, 455 F.2d 728, 733 (9th
Cir. 1972).

"Once the Government has established its prima facie case,
the district court issues an order requiring the party on whom
the summons has been served to show cause, at an enforcement
hearing, why compliance with the summons should not be required."
United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1345
(9th Cir. 1983); accord, Gilleran, 992 F.2d at 233.  The burden
of proof is shifted to the person challenging the summons to
"refute the Government's Powell showing of good faith to oppose

-4-

successfully the enforcement of an IRS summons." <u>Samuels, Kramer</u>
<u>& Co.</u>, 712 F.2d at 1346; <u>see also</u> <u>Crystal</u>, 172 F.3d at 1144.
"The taxpayer [or summoned party] may challenge and attempt to
rebut the <u>prima facie</u> case of good faith the government has
established or attempt to show that enforcement of the summons
would otherwise constitute an abuse of process." <u>Gilleran</u>, 992
F.2d at 233; <u>see also</u> <u>Crystal</u>, 172 F.2d at 1144. "The taxpayer
[or summoned party], however, carries a heavy burden of
convincing the district court to deny enforcement." <u>United</u>
<u>States v. Stuckey</u>, 646 F.2d 1369, 1372 (9th Cir. 1981); <u>accord</u>,
<u>Crystal</u>, 172 F.3d at 1144.

　　"'[S]ummons enforcement proceedings should be summary in
nature and discovery should be limited.'" <u>Derr</u>, 968 F.2d at 945,
<u>quoting</u>, <u>United States v. Stuart</u>, 489 U.S. 353, 369, 109 S. Ct.
1183, 1193 (1989), <u>quoting</u>, S. Rep. No. 97-494, 97th Cong. 2d
Sess., vol. 1, 285 (1982); <u>see also</u> <u>Church of Scientology of</u>
<u>Cal.</u>, 520 F.2d at 821. In <u>Donaldson</u>, 400 U.S. at 527-29, 91 S.
Ct. at 541, the Supreme Court noted that the Federal Rules of
Civil Procedure (Rule 81(a)(3)) allow the Court to limit the
application of the federal rules in summons enforcement
proceedings and, in keeping with the summary nature of these
proceedings, the show-cause order is an appropriate tool to place
the burden of proof on the summoned party after the government's
<u>prima facie</u> case has been made. <u>Church of Scientology of Cal.</u>,
520 F.2d at 821; <u>see also</u> <u>Gilleran</u>, 992 F.2d at 233.[1]

---

[1]　　The Fifth Circuit has also discussed the procedure to be
followed in summons enforcement proceedings:

1   "'The taxpayer must allege specific facts and evidence to

2   support his allegations' of bad faith or improper purpose."

3   Crystal, 172 F.3d at 1144, quoting, Jose, 131 F.3d at 1328, and

4   Liberty Fin. Servs., 778 F.2d at 1392.  A party opposing the

5   summons must be able to come forward with at least "a minimal

6   amount of evidence just to entitle him or her to an evidentiary

7   hearing."  Stuckey, 646 F.2d at 1372.  If no substantial

8   challenge to the validity of the summons is made in a sworn

9   affidavit or declaration alleging specific facts,[2] the matter

10  should be decided on the pleadings before the district court with

11  no further proceedings, the summons should be enforced and the

12  IRS should be allowed to obtain the summoned testimony and

13  records.  Liberty Fin. Servs., 778 F.2d at 1392-93; Stuckey, 646

14  F.2d at 1372-76.  "Enforcement of a summons is generally a

15  summary proceeding to which a taxpayer [or summoned party] has

16  few defenses."  Derr, 968 F.2d at 945; accord, Crystal, 172 F.3d

17  at 1144.

---

"To ascertain whether there is any basis for questioning the
summons, the traditional show cause order is an effective
and appropriate procedural tool.  Indeed, it harmonizes
procedure with the substantive principle that puts the
burden on the summoned party 'of showing an abuse of the
court's process.'  Powell.  In no way does its use extinguish
the adversary proceeding which the decisions call for.
Rather it is a principal means by which the enforcing Court
can determine whether there is anything to 'hear' and if so
to give proper scope and direction to an orderly, but
expeditious, adjudication of the points in controversy."

United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

[2]   This Court may "allow limited discovery only if the taxpayer
can make a substantial preliminary showing of abuse or
wrongdoing."  Stuckey, 646 F.2d at 1374.

-6-

1       Based on these authorities, the filing of the instant

2   petition to enforce the IRS summons and the supporting

3   declaration of the issuing IRS agent, establish the government's

4   prima facie case for enforcement of the summons.  As attested to

5   in the declaration of the Revenue Officer Hubbard, who issued the

6   subject summons, the IRS is conducting an investigation into the

7   collection of federal tax liabilities of Rachel D. RUBIN for the

8   taxable periods ending December 31, 2006 and December 31, 2007,

9   inclusive.  As further attested by the Revenue Officer Hubbard in

10  the supporting declaration, the information sought by the summons

11  may be relevant to that purpose, the IRS does not already have

12  possession of the information sought, and the administrative

13  steps required by the Internal Revenue Code for issuance and

14  service of the summons were followed.

15      Accordingly, the Court should issue an order directing the

16  respondent, Rachel D. RUBIN, to show cause why the summons should

17  not be enforced.

18

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1      If the respondent fails to respond to or rebut the

2  government's <u>prima facie</u> case for enforcement, the Court should

3  later issue an order enforcing the summons, and compelling the

4  respondent to appear before the Internal Revenue Service to

5  testify, produce books, records and other data, as directed by

6  the summons.

7                            Respectfully submitted,

                                ANDRÉ BIROTTE JR.

8                            United States Attorney

9                            SANDRA R. BROWN

                                  Assistant United States Attorney

10                       Chief, Tax Division

11

12  DATED: March 9, 2012

13                          PAUL H. ROCHMES

                                  Assistant United States Attorney

14                       Attorneys for United States of America

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION IN SUPPORT OF PETITION TO
### ENFORCE INTERNAL REVENUE SERVICE SUMMONS
**Summoned Party: Rachel D. Rubin**
**Taxpayer: Rachel D. Rubin**

I, Judith E. Hubbard, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.   I am over eighteen years of age, and I am not a party in the government's federal court case to enforce the subject summons.

2.   My name as used and signed in the subject summons and this declaration is not a pseudonym.

3.   I am employed as a Revenue Officer in the California Area, Laguna Niguel Territory, Small Business/Self-Employed Division, of the Internal Revenue Service ("IRS").  I am authorized to issue IRS summonses under the authority of § 7602 of the Internal Revenue Code of 1986, 26 U.S.C. ("IRC" and "the Code"). *See* Treasury Regulations, § 301.7602-1, 26 C.F.R.; IRS Delegation Order No. 4 (as revised).

4.   As a revenue officer, my duties include the collection and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required tax returns are not filed, I also assist the IRS in investigating whether such tax returns should have been filed and determining the taxpayer's correct tax liability.

5.   In my capacity as a revenue officer, I have been conducting

-1-

an investigation into the collection of federal tax liabilities of Rachel D. Rubin (the "taxpayer," "summoned party," and "Respondent") for the taxable years ending December 31, 2006 and December 31, 2007, also referred to as the calendar years 2006 and 2007, and as the tax years 2006 and 2007 ("subject taxable periods" and "subject tax periods").

6.   The purpose of the investigation is the determination and collection of the correct federal tax liabilities of Rachel D. Rubin.

7.   As of the date of this declaration, I have not made any of the final determinations referred to in the immediately preceding paragraph.

8.   On July 20, 2011, in furtherance of the above-referenced investigation and in accordance with IRC § 7602, I issued a Collection Information Statement summons, IRS Form 6637, to Rachel D. Rubin, to appear on August 30, 2011, before the IRS to give testimony and to produce for examination documents, records, and other information as described in the IRS summons. A copy of the summons is attached hereto as Exhibit 1.

9.   On July 21, 2011, I served an attested duplicate original copy of the IRS summons described in the immediately preceding paragraph on Rachel D. Rubin, which I accomplished by leaving the attested duplicate original copy of the summons in a sealed envelope, addressed to the summoned party, at the last and usual place of abode of the summoned party. A copy of a certificate of service is attached hereto as page 2 of Exhibit 1.

10.   On August 30, 2011, the summoned party failed to appear before the IRS in response to the summons, although the summons

1  directed the summoned party to so appear before the IRS.  The

2  summoned party has not appeared before the IRS in response to

3  the summons, and the summoned party has not produced the

4  documents, records, and other information described in the

5  summons.  The summoned party has not otherwise provided the

6  summoned information.  The summoned party's failure to comply

7  with the summons continues to the date of this declaration.

8  11.  On September 9, 2011, the Office of Chief Counsel of the

9  IRS mailed the summoned party a "last chance letter" at her last

10  and usual place of abode, directing her to appear before me on

11  October 4, 2011 and to produce the books, records and documents

12  called for in the summons.  The summoned party failed to appear

13  on October 4, 2011 or to produce any of the books, records, or

14  other documents called for in the summons.  A copy of the "last

15  chance letter" is attached hereto as Exhibit 2.

16  12.  All administrative steps required by the Internal Revenue

17  Code in connection with the issuance and service of the IRS

18  summons have been taken.

19  13.  The documents, records, and other information sought by the

20  IRS summons are not already in the possession of the IRS.

21  14.  The testimony and the documents, records, and other

22  information demanded by the IRS summons are necessary for the

23  determination and collection of the correct federal income tax

24  liabilities of Rachel D. Rubin for the subject tax periods.

25  15.  No recommendation for criminal prosecution of the taxpayer

26  has been made by the IRS to the United States Department of

27  Justice.  In addition, no Department of Justice referral, as

28  described in IRC § 7602(d), is in effect with respect to the

-3-

1  taxpayer.

2      I declare under penalty of perjury that the foregoing is

3  true and correct.

4

5  DATED:February 23, 2012

6                                        Judith E. Hubbard
                                         Revenue Officer
7                                        Internal Revenue Service

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Summons

# Collection Information Statement

In the matter of _RACHEL D RUBIN,_ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Internal Revenue Service (Identify Division) _SMALL BUSINESS/SELF EMPLOYED_
Industry/Area (Identify by number or name) _SB/SE AREA 7 (27)_
Periods: _Form 1040 for the calendar periods ending December 31, 2006 and December 31, 2007_

## The Commissioner of Internal Revenue

RACHEL D RUBIN
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

You are hereby summoned and required to appear before J. HUBBARD, an Internal Revenue Service (IRS) officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From _01/01/2006_ To _Present_

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

## Do not write in this space

## Attestation

I hereby certify that I have examined and compared this copy of the summons with
the original and that it is a true and correct copy of the original.

| | |
|---|---|
| _(signature)_ | REVENUE OFFICER, 0841002 |
| Signature of IRS Official Serving the Summons | Title |

Business address and telephone number of IRS officer before whom you are to appear:

24000 AVILA ROAD, LAGUNA NIGUEL, CA  92677-3405  (949) 389-4237

Place and time for appearance at: _24000 AVILA ROAD, 3RD FLOOR RM 3202 M/S 5108 2408, LAGUNA NIGUEL, CA 92677-3405_

**IRS**

on the _30th_ day of _August_ , _2011_ at _8:00_ o'clock _a_ m.

Issued under authority of the Internal Revenue Code this _20th_ day of _July_ , _2011_

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 6637 (Rev.10-2010)
Catalog Number 25000Q

| | |
|---|---|
| J. HUBBARD _(signature)_ | REVENUE OFFICER |
| Signature of Issuing Officer | Title |
| Signature of Approving Officer (if applicable) | Title |

EXHIBIT 5 page 17

Part A -- to be given to person summoned



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| July 21, 2011 | AM 11:16AM |

**How**   ☐   I handed an attested copy of the summons to the person to whom it was directed.

**Summons**

**Was**   ☑   I left an attested copy of the summons at the last and usual place of abode of the person
to whom it was directed.  I left the copy with the following person (if any).

**Served**

| Signature | Title |
|-----------|-------|
| J. Hubbard | Revenue Officer |

I certify that the copy of the summons served contained the required certification.

| Signature | Title |
|-----------|-------|
| J. Hubbard | Revenue Officer |

Catalog No. 25000Q

EXHIBIT 1, page 2

Form 6637 (Rev. 10-2010)

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF CHIEF COUNSEL
SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL
24000 AVILA ROAD, SUITE 4404
MAIL STOP 8800
LAGUNA NIGUEL, CA 92677
(949) 360-2681
FAX (949) 360-2675

SEP - 9 2011

CC:SB:8:LN:1:GL-136962-11
RAStarke

Rachel D. Rubin


Dear Ms. Rubin:

The Area Director of Internal Revenue has notified our office that you did not comply with the provisions of the summons served on you on July 21, 2011. Under the terms of the summons, you were required to appear before Revenue Officer J. Hubbard on August 30, 2011.

Legal proceedings may be brought against you in the United States District Court for not complying with the summons. To avoid such proceedings, you are to appear before Revenue Officer:

                Name: J. Hubbard
                Date: October 4, 2011
                Time: 10:00 AM
             Address: Third Floor, Room 3202
                      24000 Avila Road
                      Laguna Niguel, CA

Any books, records or other documents called for in the summons should be produced at that time. If you have any questions, please contact Revenue Officer Hubbard at (949) 389-4237.

Sincerely,

*Sherri W. Ide*

SHERRI S. WILDER
Associate Area Counsel
(Small Business/Self-Employed)
T.C. Bar No. HS0327

cc: J. Hubbard, Revenue Officer, Laguna Niguel

EXHIBIT 2

19

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

UNITED STATES OF AMERICA

**DEFENDANTS**

RACHEL D. RUBIN

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
ORANGE COUNTY

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
United States Attorney Office
PAUL ROCHMES, AUSA
300 N. Los Angeles Street Room 7211, LA CA 90012
Tel: (213) 894-2413 Fax (213) 894-0115

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☑ Yes

If yes, list case number(s): US V. RACHEL RUBIN CV 11-8858 GHK

**FOR OFFICE USE ONLY:** Case Number: SACV12 745

VIII(b).  **RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☐ No  ☑Yes

If yes, list case number(s): US V. TOMMY S. RUBIN (BEING FILED CONCURRENTLY;  US V RACHEL RUBIN CV 11-8858 GHK

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.

ORANGE COUNTY

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

ORANGE COUNTY

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Paul Roehmer_     Date   05/09/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 745 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY